## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Allison M.,[1]

            Plaintiff,

v.                                            Case No. 22-1111-JWL

Kilolo Kijakazi,
Acting Commissioner of Social Security,

            Defendant.

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614, Title II and Title XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court orders that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's final decision.

## I. Procedural History

Plaintiff protectively filed applications for DIB and SSI benefits on September 30, 2020. After exhausting administrative remedies before the Social Security Administration (SSA), plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42

---

[1] Because the court makes its opinions available online, it captions this case using only the first initial of plaintiff's last name to protect her privacy interest.

U.S.C. § 405(g). Plaintiff claims the ALJ erred when she discredited plaintiff's subjective reports of anxiety attacks and, in doing so, failed to consider that plaintiff's anxiety symptoms improved due to plaintiff's structured living environment.

## II. Standard for Judicial Review

The court's review is guided by the Act. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).   The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *accord White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Wall*, 561 F.3d at 1052; *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)); *accord Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005); *see also Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994)

(The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in *Bowling*)).   Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. *Gossett*, 862 F.2d at 804-05; *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Wilson*, 602 F.3d at 1139 (quoting *Lax*, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). *Williams*, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process.  *Id*.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, the claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. *Wilson*, 602 F.3d at 1139 (quoting

*Lax*, 489 F.3d at 1084). In steps one through four the burden is on plaintiff to prove a disability that prevents performance of past relevant work. *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006); *accord Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001); *Williams*, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. *Id.*; *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

The ALJ determined at step one that plaintiff had not engaged in substantial gainful activity since July 3, 2020.  She determined at step two that plaintiff had the following severe impairments: anxiety disorder; panic disorder; borderline personality disorder; polysubstance use disorder (stimulant use disorder, amphetamine type; alcohol; opiate; sedative hypnotic)—in remission; and post-traumatic stress disorder.  At step three, the ALJ found that plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  In connection with step four of the sequential evaluation process, the ALJ determined that plaintiff had the RFC to perform a full range of work at all exertional levels but with certain nonexertional limitations.  Specifically, the ALJ found that plaintiff had

> the ability and concentration for simple repetitive tasks involving routine work-related decisions requiring simple judgment and only occasional workplace changes.  She can have only occasional contact with the public, co-workers, and supervisors.  She can have no close proximity to others, specifically not standing next to or being involved in tasks performed by others.  She can perform tasks independently at a normal pace in goal-oriented work in which job tasks are not completed within a strict time deadline.

The ALJ determined at step four that plaintiff was unable to perform any past relevant work. After considering plaintiff's age, education, work experience, and RFC, she determined at step five that

there were jobs existing in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ concluded that plaintiff had not been under a disability from July 3, 2020 through the date of her decision.

## III. Discussion

Plaintiff claims the ALJ erred when she discredited plaintiff's subjective reports of anxiety attacks and, in doing so, failed to consider that plaintiff's anxiety symptoms improved due to plaintiff's structured living environment. Specifically, plaintiff asserts that her anxiety symptoms had improved because she was rarely leaving her home and, when she did so, she was accompanied by her roommate. As will be explained, plaintiff has not shown any error in the ALJ's analysis.

The record reflects that the ALJ considered plaintiff's anxiety and panic disorder symptoms, acknowledging that plaintiff reported anxiety and panic attacks when "she is overwhelmed, hears loud or too many noises, or if it is too quiet." The ALJ also acknowledged plaintiff's report that her anxiety attacks are "triggered by confusion" and that she "cannot attend gatherings or be in crowds or place with too much or little noise." The ALJ stated that plaintiff reported losing her previous job because of anxiety attacks and that she reported neglecting personal care and having difficulty focusing as a result of feeling panicked. Nonetheless, the ALJ expressly found plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 20. In discounting plaintiff's testimony about the limiting effects of her anxiety, the ALJ relied on a host of evidence supporting the conclusion that plaintiff's anxiety attacks were

5

not disabling and that plaintiff had managed her symptoms to permit her to perform simple, routine work with additional limitations on contact with and proximity to other people.

In reaching this conclusion, the ALJ found that treatment of plaintiff's anxiety disorder consisted of medication and therapy and that compliance with these treatments were enabling plaintiff to complete daily tasks and manage her anxiety.  The ALJ highlighted evidence that plaintiff's symptoms improved with medication and therapy and that she was able to perform basic daily functions independently.  The ALJ noted that as of July 2021,[2] plaintiff had resumed doing chores and her mental status examinations noted normal memory, concentration and thinking and that her abilities to think, understand, communicate, concentrate, do simple tasks and get along with other people remained intact.  R. 20.  In her written decision, the ALJ also highlighted evidence that plaintiff is able to care for her dog, prepare meals, shop in stores, perform personal care, perform chores, use email, play video games, watch movies, and use her cell phone.  R. 21.  The ALJ also noted that plaintiff was responsible for planning her mother's funeral and had created a cookbook, R. 21, and that plaintiff does laundry, washes dishes, talks on the phone and reported "having a lot of friends" and having friends over to her home.  R. 18. The ALJ found that these daily activities belied plaintiff's subjective allegations of disabling symptoms.  The ALJ also relied on the reports of state agency psychological consultants, who found that plaintiff could work in a setting "where there is little need for direct supervision or frequent interactions with coworkers and members of the public," consistent with plaintiff's

---

[2] As noted by the Commissioner, plaintiff was 19 years old when she alleged she became disabled and the record in this case spans just over one year—from the July 2020 alleged disability onset to the August 2021 decision of the ALJ.

ability to perform personal care, care for her dog, shop in stores, do chores, and prepare meals and with evidence that plaintiff's symptoms improved with medication.  R. 21.[3]

Plaintiff contends that the ALJ failed to expressly consider plaintiff's efforts to avoid going out and to stay home in her "safe" space and suggests that her anxiety symptoms worsen outside the home.  Contrary to plaintiff's contention, however, the ALJ did acknowledge that plaintiff "denied being able to go out alone" and that plaintiff, in the Spring of 2021, had been "isolating and avoiding things" during the time when her anxiety attacks had decreased.  R. 20.  Clearly, then, the ALJ considered this evidence.  But the ALJ's decision reveals that the ALJ attributed plaintiff's improvement to therapy and medication rather than isolating at home.  Moreover, the ALJ accommodated plaintiff's need for avoidance by crafting an RFC that limited not only plaintiff's interaction with other people but her proximity to other people.  To the extent plaintiff suggests that the ALJ should have gone further and found she could handle no social interaction at all, she fails to identify evidence compelling this conclusion. *See Schmidt v. Kijakazi*, 2022 WL 3367762, at *6-7 (W.D. Wis. Aug. 16, 2022) (rejected plaintiff's argument that the ALJ failed to consider plaintiff's allegation that he required a "structure" setting where RFC adequately accommodated the impairment); *Kyle R. W. v. Kijakazi*, 2023 WL 1927273, at *10 (D. Kan. Feb. 10, 2023) (rejecting plaintiff's argument that ALJ erred in ignoring evidence that plaintiff required

_____

[3] The ALJ found that the source statement of plaintiff's therapist (finding extreme limitations) was not persuasive because it appeared to be based on plaintiff's own statements and was filled out by plaintiff and the therapist together.  The ALJ found that the source statement of plaintiff's medical provider (also finding extreme limitations) was not persuasive because it was based primarily on plaintiff's diagnoses without further support and was inconsistent with other evidence in the record.

a highly structured environment to manage symptoms; while some evidence supported that contention, the ALJ found otherwise and the record evidence supported his finding).

Ultimately, then, the ALJ found that with "continued treatment compliance" in the form of medication and therapy, and the restrictions in the RFC on contact with and proximity to other people, work exists that plaintiff can perform.   Plaintiff must demonstrate the error in the ALJ's rationale or finding; the mere fact that there is evidence which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax*, 489 F.3d at 1084 (citations, quotations, and bracket omitted); *see also Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).  For the foregoing reasons, plaintiff has not established that the ALJ erred when she discredited plaintiff's subjective reports of anxiety attacks and, in doing so, failed to consider that plaintiff's anxiety symptoms improved only because of plaintiff's structured living environment.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

**IT IS SO ORDERED.**

Dated this 28th day of April, 2023, at Kansas City, Kansas.

8

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge